UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X

ELLEN MCCORMICK,                                 :          **18-CV-**
                                                 :
                        Plaintiff,               :
                                                 :          **COMPLAINT**
            -against-                            :
                                                 :
PHINIZY & PHEBE HANDMADE LLC (d/b/a              :
PHIN & PHEBES ICE CREAM), CRISTA                 :
FREEMAN, AND JESS EDDY,                          :
                                                 :
                        Defendants.              :

----------------------------------------------------------- X

Plaintiff Ellen McCormick ("Plaintiff"), by her attorneys, The Boyd Law Group, PLLC, for

her Complaint against Defendants Phinizy & Phebe Handmade LLC (d/b/a Phin & Phebes Ice

Cream) ("Defendant Company" or the "Company"), Crista Freeman ("Defendant Freeman") and

Jess Eddy ("Defendant Eddy") (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges that Defendants failed to pay her the minimum wage pursuant to

the Federal Labor Standards Act ("FLSA") 29 U.S.C. § 201 et seq.,

2.      Plaintiff alleges that Defendants unlawfully failed to pay her wages pursuant to

New York Labor Law ("NYLL") §§ 193 and 198.

3.      Plaintiff alleges that Defendants retaliated against her for complaining about

Defendants' wage violations pursuant to 29 U.S.C. § 215(a)(3).

4.      Plaintiff alleges that Defendants retaliated against her for complaining about

Defendants' wage violations pursuant to NYLL § 215.

5.      Plaintiff alleges that Defendants failed to provide her with Notice and

Acknowledgement of Pay Rate and Payday pursuant to NYLL § 195(1).

## THE PARTIES

6.      Plaintiff, at all times relevant to this Complaint, worked out of Defendant Company's Brooklyn, New York office.

7.      Upon information and belief, Defendant Company is a domestic professional corporation organized under the laws of New York, with a principal executive office and principal place of business located in 67 West Street, Suite 330, Brooklyn, New York 11222.

8.      Upon information and belief, Defendant Company earns in excess of $500,000 per year in interstate commerce.

9.      Defendant is an ice-cream company which sells its products to stores nationwide.

10.      Defendant Freeman is one of the two co-founders, chief executive officer, and a major shareholder of Defendant Company, and is an employer of Plaintiff.

11.      Defendant Freeman exercised power over the terms and conditions of Plaintiff's employment.

12.      Defendant Freeman had the authority to hire and fire as well as disciplinary power over Plaintiff.

13.      Defendant Eddy is the other co-founder and a major shareholder of Defendant Company, and is an employer of Plaintiff.

14.      Defendant Eddy exercised power over the terms and conditions of Plaintiff's employment.

15.      Defendant Eddy had the authority to hire and fire as well as disciplinary power over Plaintiff.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over this action under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York where Defendants are located.

## FACTS

18.     In or about June 2012 Plaintiff was hired by Defendants as an unpaid intern.

19.     Plaintiff was not paid any wages from in or about June 2012 until in or about April 2013.

20.     Plaintiff's title, at the time of her unlawful termination, was Business Development.

21.     Plaintiff's annual wage at the end of her employment was $55,000.

22.     Plaintiff was paid twice a month.

23.     Plaintiff was never provided with a Notice and Acknowledgement of Pay Rate and Payday pursuant to NYLL §195(1).

24.     On or about July 14, 2017, Defendant Company provided Plaintiff with two (2) documents termed "NON-VOTING PROFITS INTEREST GRANT AGREEMENT" ("Grant Agreements").

25.     One of the Grant Agreements granted Plaintiff 140 Incentive Units, which upon information and knowledge, equates to .5% of Defendant Company.

26.     The other Grant Agreement granted Plaintiff 42 Incentive Units, which upon information and knowledge, equates to .25% of Defendant Company.

27.     Starting on May 26, 2017 Defendant Company stopped paying Plaintiff's wages.

28.     Despite not getting paid, Plaintiff continued to be a loyal employee and continued to work for Defendant Company.

29.     Defendant Freeman gave various excuses for not paying Plaintiff her wages.

30.     Plaintiff to date has received any of her unpaid wages.

31.     Plaintiff had regular correspondence with Defendant Freeman in which she sought payment of her wages without success.

32.     Finally, Plaintiff informed Defendant Freeman of her intention to seek legal action to obtain her unpaid wages during phone conversations between September 18, 2017 and September 20, 2017.

33.     Plaintiff informed Defendant that she would have no choice but to file a complaint with the Department of Labor on September 27, 2017 via email.

34.     Plaintiff was terminated the next day, on September 28, 2017, in retaliation for her complaints and in retaliation for her indication that she would go to the Department of Labor.

**FIRST CAUSE OF ACTION**
**(FAILURE TO PAY MINIMUM WAGES PURSUANT TO FLSA)**

35.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

36.     At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37.     At all relevant times, Plaintiff was a covered individual within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

39.     Upon information and belief, at all relevant times, Defendant Company has had annual gross revenues in excess of $500,000.

40.     Starting on or about May 26, 2017, Defendant Company stopped paying Plaintiff her wages until the date of her retaliatory termination on September 28, 2017.

41.     Defendants' failure to pay Plaintiff her wages were willful.

42.     As a result of not paying Plaintiff her wages, Defendants have failed to pay Plaintiff her minimum wage.

43.     Due to the intentional, willful, and unlawful acts of Defendants' failure to pay Plaintiff her minimum wage, Plaintiff has been damaged.

44.     Plaintiff is, therefore, entitled to her unpaid wages, liquidated damages, interests and attorneys' fees.

<u>**SECOND CAUSE OF ACTION**</u>
**(FAILURE TO PAY WAGES PURSUANT TO NYLL)**

45.     Plaintiffs repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

46.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

47.     From in or about June 2012 to April 2013, Plaintiff was not paid any wages.

48.     Starting on or about May 26, 2017, Defendant Company again stopped paying Plaintiff her wages until the date of her retaliatory termination on September 28, 2017.

49.     Defendants' failure to pay Plaintiff her wages were willful.

50.     Due to the intentional, willful, and unlawful acts of Defendants' in failure to pay Plaintiff her wage, Plaintiff has been damaged.

51.     Plaintiff is, therefore, entitled to her unpaid wages, liquidated damages and attorneys' fees.

## THIRD CAUSE OF ACTION
### (WAGE RETALIATION IN VIOLATION OF FLSA)

52.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

53.     Plaintiff had regular correspondence with Defendant Freeman in demanding payment of her unpaid wages.

54.     Plaintiff informed Defendant Freeman of her intention to take legal action to obtain her unpaid wages in phone conversations between September 18, 2017 and September 20, 2017.

55.     Plaintiff informed Defendant Freeman, via email on September 27, 2017, of her intention to file an action with the Department of Labor to obtain her unpaid wages.

56.     Upon complaining and threatening to take legal action for not being paid her wages, Plaintiff was terminated on September 28, 2017 in retaliation for her complaints.

57.     Due to Defendants' illegal retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, lost wages, liquidated damages and attorneys' fees pursuant to Section 15(a)(3) of the FLSA.

## FOURTH CAUSE OF ACTION
### (WAGE RETALIATION VIOLATION OF NYLL)

58.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

59.     Plaintiff had regular correspondence with Defendant Freeman seeking payment of her unpaid wages.

60.     Plaintiff informed Defendant Freeman of her intention to take legal action to obtain her unpaid wages in phone conversations between September 18, 2017 and September 20, 2017.

61.     Plaintiff informed Defendant Freeman, via email on September 27, 2017, of her intention to file an action with the Department of Labor to obtain her unpaid wages.

62.     As a result, Plaintiff has engaged in protected activity by NYLL § 215.

63.     Upon complaining and threatening to take legal action for not being paid her wages, Plaintiff's employment was terminated on September 28, 2017.

64.     This termination was in retaliation for Plaintiff's wage complaints.

65.     Due to Defendants' illegal retaliation, Plaintiff is entitled to all appropriate relief, including, but not limited to, a civil penalty of $10,000, payment of lost and withheld compensation, liquidated damages, interest, and her reasonable attorneys' fees pursuant to NYLL §§ 215 and 663(1).

## FIFTH CAUSE OF ACTION
### (FAILURE TO PROVIDE PLAINTIFF WITH NOTICE PURSUANT TO NYLL)

66.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

67.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the NYLL §§ 2 and 651.

68.     Plaintiff never received a Notice and Acknowledgement of Pay Rate and Payday from Defendant Company as required pursuant to NYLL § 195(1).

69.     Due to Defendant Company's violation, Defendant Company is liable for a penalty of $50 per workday up to a maximum of 100 workdays (or totaling $5,000) pursuant to NYLL § 198(1-

b).  Plaintiff is entitled to the maximum $5,000 penalty as a result of having worked in excess of 100 workdays together with legal costs and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

B.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C.      An award of Plaintiff's earned wages pursuant to FLSA;

D.      An award of Plaintiff's unpaid wages pursuant to NYLL;

E.      An award of liquidated damages;

F.      An award of the maximum $5,000 for Defendant Company's failure to provide Plaintiff with a wage notice pursuant to NYLL;

G.      An award of Plaintiff's lost wages pursuant to Defendants' retaliatory termination pursuant to FLSA;

H.      An award of civil penalty of $10,000 to Plaintiff for Defendants' retaliatory act pursuant to NYLL § 215;

I.      An award of prejudgment and post-judgment interest;

J.      An award of costs and expenses for this action together with Plaintiff's reasonable attorneys' and expert fees; and

K.      Such other and further relief as this Court deems just and proper.

Dated:   February 12, 2018
         New York, New York

THE BOYD LAW GROUP, PLLC

/s/ Patrick J. Boyd

---

Patrick J. Boyd
William Li
370 Lexington Avenue, Suite 1012
New York, NY 10017
Tel: (212) 867-3675
Fax: (212) 867-5765
pboyd@theboydlawgroup.com
*Attorneys for Plaintiff*