Crista Freeman
*Pro se*
197 Franklin Street Apt. 2R
Brooklyn, NY 11222
Telephone: (646) 643-1722
Fax: (212) 589-4201



ORIGINAL

RECEIVED

JUN 15 2018

PRO SE OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELLEN MCCORMICK<br>Plaintiff,<br><br>v.<br><br>PHINIZY & PHEBE HANDMADE LLC<br>(d/b/a PHIN & PHEBES ICE CREAM),<br>CRISTA FREEMAN, AND JESS EDDY<br><br>Defendants. | CIVL ACTION NO.: 18-cv-916 ENV-<br>(SJB)<br><br>**ANSWER AND DEFENSES OF<br>PHINIZY & PHEBE HANDMADE<br>LLC, D/B/A PHIN & PHEBES ICE<br>CREAM AND CRISTA FREEMAN<br>TO COMPLAINT** |

Defendants Phinizy & Phebe Handdmade LLC d/b/a Phin & Phebes Ice Cream

(hereinafter "Phin & Phebes" or the "Company") and Crista Freeman (collectively, "Defendants")

answer Plaintiff Ellen McCormick Complaint (18-CV), and states:

### RESPONSE TO NATURE OF ACTION

1.      No response is required to the allegations contained in Paragraph 1 of the

Complaint; however, to the extent a response is required, Defendants admit that Plaintiff alleges a

violation of the Fair Labor Standards Act, which violation is denied.

2.      No response is required to the allegations contained in Paragraph 2 of the

Complaint; however, to the extent a response is required, Defendants admit that Plaintiff alleges a

violation of the New York Labor Law, which violation is denied.

3. No response is required to the allegations contained in Paragraph 3 of the Complaint; however, to the extent a response is required, Defendants deny that they retaliated against the Plaintiff's complaints about the wage violations pursuant to 29 U.S.C 215(a)(3).

4. No response is required to the allegations contained in Paragraph 4 of the Complaint; however, to the extent a response is required, Defendants deny that they retaliated against the Plaintiff's complaints about the wage violations pursuant to NYL 215.

5. No response is required to the allegations contained in Paragraph 3 of the Complaint; however, to the extent a response is required, Defendants deny the allegation that they failed to provide the Plaintiff with Notice and Acknowledgement of Pay Rate and Payday pursuant NYLL 195(1).

## RESPONSE TO THE PARTIES

6. Defendants admit to the allegation contained in Paragraph 6 of the Complaint.

7. Defendants admit to the allegation contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegation contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegation contained in Paragraph 9 of the Complaint.

10. Defendants admit to the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit to the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit to the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit to the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit to the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit to the allegations contained in Paragraph 15 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

16. The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions to which no response is required. Defendants direct the Court to the laws cited therein.

17. The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. Defendants direct the Court to the laws cited therein.

## RESPONSE TO FACTS

18. Defendants deny the allegations in the Complaint; Plaintiff willingly agreed to an unpaid intern with Phin & Phebes, from July 2012 to April 2013. She worked part-time as an hourly paid employee of Phin & Phebes, from April 2013 to June 2014. During this time, she held the title of Business Development. On June 27, 2014, Plaintiff started working almost full time in the same position. On September 5, 2014, she was hired as a full-time employee of Phin & Phebes holding the title of Business Development until she separated with the Company in September 28th, 2017.

19. Defendants admit to the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit to the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit to the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff was paid for position of Business Development twice a month from September 5th, 2014 until May 26th, 2017. Despite the Company experiencing financial difficulties, Defendant Freeman used her own personal savings and money loaned from friends to ensure Plaintiff was paid as much as possible during the wage freeze from June 2nd, 2017 until she no longer could, and the Company was forced to let Plaintiff go.

23. Defendants deny to the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint; the two documents were provided to Plaintiff on July 14, 2016.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint; Plaintiff was paid from June 2nd, 2017 until August 2nd, 2017 from Defendant Freeman's personal bank account.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint; although Defendant also supplied Plaintiff job opportunities at other employers because of unclear closing of the Phin & Phebes' acquisition.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint; Plaintiff frustrated her own ability to receive unpaid wages because Plaintiff denied Defendants' offer her a significant portion of unpaid wages at Plaintiff's termination and the remaining the close of the Phin & Phebes' pending acquisition. Instead, Plaintiff refused these wages and filed a complaint instead.

31. Defendants admit that Plaintiff corresponded with Defendant Freeman about her wages and that, in correspondence and conversations about her wages, Defendants offered to pay Plaintiff a significant portion of unpaid wages at the termination of her employment and the balance of unpaid wages at the close of the Phin & Phebes' pending acquisition. Plaintiff refused the significant wages offered to her and frustrated her own ability to receive unpaid wages; instead, Plaintiff filed this complaint which she believes would give her more money in the form of penalties and attorney's fees.

32. Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit that Plaintiff was terminated on the date alleged in Paragraph 34 of Complaint; however, Defendants deny the allegations of retaliation. Prior to termination Defendants repeatedly told Plaintiff: a) she should look for another job in case the acquisition did not occur, b) presented Plaintiff with job opportunities, sourced from Board Members of Phin &

Phebes', that Defendants sought for Plaintiff to try and ensure her ongoing employment and financial security, c) told her to not perform Phin & Phebes' for a period of two weeks and to not come into the office to perform work, and d) asked Plaintiff to focus on finding a job because it was unclear when the acquisition would occur. Plaintiff turned down jobs presented to her by Defendants and Defendants continued to communicate to Plaintiff that if the acquisition was not going through, shortly, then Plaintiff would be without a job with Phin & Phebes.

## RESPONSE TO FIRST CAUSE OF ACTION

35.     Defendant incorporates, by reference, responses in Paragraphs 1-34.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions to which no response is required.

38.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40. Plaintiff was paid from June 2nd, 2017 until August 2nd, 2017 from Defendant Freeman's personal bank account.

41.     Defendants deny the allegations.

42.     No response is required to the allegations contained in Paragraph 42 of the Complaint; however, to the extent that a response is required, Defendants admit that Plaintiff makes these allegations and legal conclusion.

43.     No response is required to the allegations contained in Paragraph 43 of the Complaint; however, to the extent that a response is required, Defendants admit that Plaintiff makes these allegations.

44.     The allegations contained in Paragraph 44 of the Complaint constitute legal conclusions to which no response is required.

## RESPONSE TO SECOND CAUSE OF ACTION

45.     Defendant incorporates, by reference, responses in Paragraphs 1-44.

46.     The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required.

47.     Defendants admit the allegations contained in Paragraph 47 of the Complaint; Plaintiff was an unpaid intern.

48.     Defendants deny the allegations in the contained in Paragraph 48 of the Complaint; Plaintiff was paid from June 2nd, 2017 until August 2nd, 2017 from Defendant Freeman's personal bank account.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     No response is required to the allegations contained in Paragraph 50 of the Complaint; however, to the extent that a response is required, Defendants admit that Plaintiff makes these allegations and legal conclusion.

51.     No response is required to the allegations contained in Paragraph 43 of the Complaint; however, to the extent that a response is required, Defendants admit that Plaintiff makes these allegations and legal conclusions.

## RESPONSE TO THIRD CAUSE OF ACTION

52.     Defendant incorporates, by reference, responses in Paragraphs 1-51.

53.     Defendants admit that Plaintiff corresponded with Defendant Freeman; Plaintiff frustrated her own ability to receive unpaid wages because, although Defendants offered to pay Plaintiff a significant portion of unpaid wages at termination and the remaining at close of company acquisition. Plaintiff refused these wages and filed a complaint instead.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56. Defendants admit that Plaintiff was terminated on the date alleged in Paragraph 34 of Complaint; however, Defendants deny the allegations of retaliation. Prior to termination Defendants repeatedly told Plaintiff: a) she should look for another job in case the acquisition did not occur, b) presented Plaintiff with job opportunities, sourced from Board Members of Phin & Phebes', that Defendants sought for Plaintiff to try and ensure her ongoing employment and financial security, c) told her to not perform Phin & Phebes' for a period of two weeks and to not come into the office to perform work, and d) asked Plaintiff to focus on finding a job because it was unclear when the acquisition would occur. Plaintiff turned down jobs presented to her by Defendants and Defendants continued to communicate to Plaintiff that if the acquisition was not going through, shortly, then Plaintiff would be without a job with Phin & Phebes.

57. No response is required to the allegations contained in Paragraph 57 of the Complaint; however, to the extent that a response is required, Defendants admit that Plaintiff makes these allegations and legal conclusions.

## RESPONSE TO FOURTH CAUSE OF ACTION

58. Defendant incorporates, by reference, responses in Paragraphs 1-57.

59. Defendants admit that Plaintiff corresponded with Defendant Freeman about her wages and that, in correspondence and conversations about her wages, Defendants offered to pay Plaintiff a significant portion of unpaid wages at the termination of her employment and the balance of unpaid wages at the close of the Phin & Phebes' pending acquisition. Plaintiff refused the significant wages offered to her and frustrated her own ability to receive unpaid wages; instead, Plaintiff filed this complaint which she believes would give her more money in the form of penalties and attorney's fees.

60.     Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62.     The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions to which no response is required.

63.     Defendants admit that Plaintiff was terminated on the date alleged in Paragraph 34 of Complaint; however, Defendants deny the allegations of retaliation.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions to which no response is required.

## RESPONSE TO FIFTH CAUSE OF ACTION

66.     Defendant incorporates, by reference, responses in Paragraphs 1-65.

67.     The allegations contained in Paragraph 67 of the Complaint constitute legal conclusions to which no response is required.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint constitute legal conclusions to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's Complaint fails, in whole or in part, because it fails to state a claim upon which relief can be granted.

### Second Defense

Some or all of Plaintiff's causes of action in the Complaint are barred due to the doctrine of accord and/or satisfaction.

### Third Defense

Plaintiff's causes of action, in whole or in part, are barred by her frustrating Defendant's ability to perform and/or pay Plaintiff's unpaid wages.

### Fourth Defense

Plaintiffs' causes of action are barred, in whole or in part, because for some of the relevant period of time she was not an "employee" of some or all of Defendants, as defined by applicable law.

### Fifth Defense

Plaintiffs' causes of action are barred, in whole or in part, because some or all of Defendants were not "employers" of Plaintiff, as defined by applicable law.

### Sixth Defense

Plaintiff is barred from recovering based on the doctrines of laches, unclean hands, waiver, and/or estoppel.

### Seventh Defense

Plaintiff's causes of action are barred, in whole or in part, by the applicable statute of limitations or other timing requirements pursuant to the Fair Labor Standards Act and/or New York Labor Law.

### Eight Defense

The Complaint is barred, in whole or in part, and/or recovery is precluded, because if the unlawful acts and/or omissions alleged in the Complaint were committed, which is denied, they were not done willfully.

### Ninth Defense

Plaintiff's causes of action are barred, in whole or part, because Plaintiff has pled no alleged facts demonstrating that she is entitled to recover liquidated damages and/or other penalties.

## Tenth Defense

There can be no recovery of liquidated damages and a penalty under the New York Labor Law because such relief would amount to a double recovery.

## Eleventh Defense

Plaintiff is barred from recovering based on the doctrines of laches, unclean hands, waiver, and/or estoppel.

## Twelfth Defense

The claims for pre-judgment and/or post-judgment interest under the New York Labor Laws are preempted by the remedies provided by the Fair Labor Standards Act.

## Thirteenth Defense

In addition to the foregoing defenses, Defendants retain the right to amend their answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during the course of the litigation.

## FIRST COUNTERCLAIM

## (BREACH OF CONTRACT)

a.      On many occasions prior to May 14th, 2017, Defendants spoke with Plaintiff about the financial condition of Phin & Phebes'. Defendants did so again on May 14, 2017. Phin & Phebes was in negotiations to be acquired by Cedar Holdings LLC ("Acquirer") but, because of protracted acquisition negotiations, the Company was running out of funds to operate.

b.      In consideration for being on employee of Phin & Phebes until the acquisition (Defendants would have terminated her long before given the poor financial state of the Company) and in consideration for becoming a new employee of the acquired company, Defendants asked Plaintiff if she would defer her wages (due and any future unpaid is she stayed on until closing) and

on the following payment schedule: i) part payment at her separation from Phin & Phebes, and ii) party payment at closing of the acquisition (collectively, "Deferred Wages").

    c.      Plaintiff accepted Defendants' offer and agreed to accept deferred payment upon her separation from the Company and at closing of the acquisition (hereinafter "Deferred Wages Agreement").

    d.      With Plaintiff's Deferred Wage Agreement, Defendants negotiated with Acquirer: i) the part of Plaintiff's salary due at closing to be paid by the Acquirer ("Plaintiff's Closing Payment"), and ii) Plaintiff's employment with the acquired company; these terms were included in the Acquirer's original August 27th, 2017 Letter of Intent ("Original Letter of Intent").

    e.      On or about September 20, 2017, the Acquirer amended its Original Letter of Intent to, among other things, change the terms of Plaintiff's Closing Payment to payment over a 12-month period after closing instead of in full at closing (hereinafter "Amended Letter of Intent").

    f.      Defendants fought with the Acquirer to keep Plaintiff's Closing Payment, in full and at closing, but Acquirer rejected Defendants requests.

    g.      Defendants went to Plaintiff and explained that the Acquirer changed it Original Letter of Intent, including modifying Plaintiff's Closing Payment to a payment across a 12- month period of time.

    h.      On September 20, 2017, Defendants Freeman told Plaintiff that she was seeking a loan to make Plaintiff's Closing Payment, as agreed to by the Deferred Wages Agreement, and that the loan would be paid from Defendant's own personal funds. Upon hearing this, Plaintiff said, "Thank you for working so hard to make this happen. I know this entire negotiation has been extremely difficult, so I appreciate you advocating for me on this."

    i.      Defendant Freeman was unable to secure the loan to make Plaintiff's Closing Payment. And, at this time, Defendants asked Plaintiff if she would accept Acquirer's new terms of

paying her wages due at closing over a 12-month period of time. Plaintiff refused and said she would not renegotiate the terms of her Deferred Wages Agreement.

  j.  Plaintiff told Defendants, "I am doing you a favor for your deal that benefits you. If I file my lawsuit and the deal does not go through, I can still get my money even if you declare bankruptcy; and, then, you get nothing and I get my money." Plaintiff then filed this lawsuit.

  k.  Once Plaintiff's filed her complaint, the Acquirer agreed to pay the Plaintiff's Closing Payment (instead of over a 12-month period of time) along with any legal fees and costs incurred by Plaintiff as a result of filing her lawsuit. Plaintiff rejected to be paid her Deferred Wages, again.

  l.  Due to the Company's potential liabilities and its embroilment in the lawsuit itself, the Acquirer decided the acquisition was too risky and abandoned the transaction which resulted in the closing of Phin & Phebes.

  m.  The acquisition of Phin & Phebes did not go through, as Plaintiff knew and predicted, as a result of Plaintiff not accepting monies agreed upon and a filing this lawsuit.

  n.  As a result of Plaintiff's conduct, she breached the parties' Deferred Wages agreement.

  o.  Defendants have been damaged in amount to be proven at trial.

**SECOND COUNTERCLAIM**

**(TORTIOUS INTERFERENCE WITH CONTRACT)**

  p.  Defendants incorporate, by reference, Paragraphs a-h.

  q.  Plaintiff's actions, in refusing to accept wages that the time of her separation, and filing a lawsuit instead were knowing and/or intentional.

  r.  As a result of Plaintiff's conduct, she tortuously interfered with the agreement to acquire Phin & Phebes.

  s.  Defendants have been damaged in amount to be proven at trial.

## THIRD COUNTERCLAIM

## (TORTIOUS INTERFERENCE PROSPECTIVE ECONOMIC ADVANTAGE)

t.      Defendants incorporate, by reference, Paragraphs a-h.

u.      Plaintiff's actions, in refusing to accept wages that the time of her separation, and filing a lawsuit instead were knowing and/or intentional.

v.      As a result of Plaintiff's conduct, Defendants alleged Plaintiff tortuously interfered with the prospective economic advantage of Phin & Phebes.

w.      Defendants have been damaged in amount to be proven at trial.

## JURY TRIAL IS REQUESTED

WHEREFORE, Plaintiff demand judgment against Defendants as follows:

1.      Dismissing Plaintiff's Complaint and all causes of action therein with prejudice;

2.      Finding of damages for Defendants' causes of action, which are proven at trial; and

3.      Awarding Defendants their costs, disbursements, including reasonable attorneys' fees and any such other relief as this Court deems just and equitable.

Dated: June 15, 2018

/s/  Crista B. Freeman
Crista B. Freeman
197 Franklin Street Apt. 2R
Brooklyn, New York 11222
Telephone: (646) 643-1722
Email: crista.freeman@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————— x

Ellen McCormick

Plaintiff,

-against-

Crista Freeman
Phinix & Phebe Handmade LLC

Defendant.
———————————————————— x

**ORIGINAL**

Affirmation of Service

18  CV 916 ENV (SJB)

I, Crista Freeman , declare under penalty of perjury that I have

**BY U.S. MAIL**

served a copy of the attached answer

upon Patrick J. Boyd

whose address is: 370 Lexington Ave., Suite 1012

New York, NY 10017

Dated: June 15, 2018
, New York

CristaFreeman
Signature

197 Franklin St. #2R
Address

Brooklyn, NY 11222
City, State, Zip Code

RECEIVED
JUN 15 2018
PRO SE OFFICE

ORIGINAL