UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ELLEN MCCORMICK,                             :      **18-CV-00916 (ENV)(SJB)**
                                             :
             Plaintiff,                      :
                                             :      **ANSWER TO DEFENDANTS'**
      -against-                              :      **COUNTERCLAIMS**
                                             :
PHINIZY & PHEBE HANDMADE LLC (d/b/a          :
PHIN & PHEBES ICE CREAM), CRISTA             :
FREEMAN, AND JESS EDDY,                      :
                                             :
             Defendants.                     :
------------------------------------------------------------ X

Plaintiff Ellen McCormick ("Plaintiff"), by and through her undersigned attorneys, The Boyd Law Group, PLLC, for her Answer to Defendants Phinizy & Phebe Handmade LLC (d/b/a Phin & Phebes Ice Cream) ("P&P" or the "Company"), Crista Freeman ("Defendant Freeman") and Jess Eddy ("Defendant Eddy") (collectively "Defendants") Counterclaims filed on or about June 15, 2018 (the "Counterclaims"), states as follows:

## FIRST COUNTERCLAIM
### (BREACH OF CONTRACT)

a.      Admits to the extent that the financial condition of the Company was spoken about with Plaintiff, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph a of the Counterclaims.

b.      Admits to the extent that Defendants asked Plaintiff to defer wages which were to be paid in full by the closing of the acquisition of the Company, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the financial condition of the Company and denies the remaining allegations set forth in paragraph b of the Counterclaims.

c.      Admits to the extent that Plaintiff agreed to accept her full wages at the closing of the Company's acquisition and denies the remaining allegations set forth in paragraph c of the Counterclaims.

d. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph d of the Counterclaims.

e. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph e of the Counterclaims.

f. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph f of the Counterclaims.

g. Admits to the extent that Defendants told Plaintiff that the payment terms were changed but denies the remaining allegations set forth in paragraph g of the Counterclaims.

h. Denies the allegations set forth in paragraph h of the Counterclaims.

i. Admits to the extent that Plaintiff was notified of proposed changes to the payment terms and to the extent that Plaintiff refused to accept such changes but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph i of the Counterclaims.

j. Admits to the extent that Plaintiff initiated this action, but denies the remaining allegations set forth in paragraph j of the Counterclaims.

k. Denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the Acquirer's agreement to pay wages to the Plaintiff and denies the remaining of the allegations set forth in paragraph k of the Counterclaims.

l. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph l of the Counterclaims.

m. Denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning the status of the acquisition and denies the remaining of the allegations set forth in paragraph m of the Counterclaims.

n. Denies the allegations set forth in paragraph n of the Counterclaims and states

further that the allegations purport to set forth legal conclusions to which no response is required.

o. Denies the allegations set forth in paragraph o of the Counterclaims.

## SECOND COUNTERCLAIM
### (TORTIOUS INTERFERENCE WITH CONTRACT)

p. Repeats and re-alleges her answers and responses in paragraphs a-o above as if fully set forth herein.

q. Denies the allegations set forth in paragraph q of the Counterclaims.

r. Denies the allegations set forth in paragraph r of the Counterclaims and states further that the allegations purport to set forth legal conclusions to which no response is required.

s. Denies the allegations set forth in paragraph s of the Counterclaims.

## THIRD COUNTERCLAIM
### (TORTIOUS INTERFERENCE PROSPECTIVE ECONOMIC ADVANTAGE)

t. Repeats and re-alleges her answers and responses in paragraphs a-s above as if fully set forth herein.

u. Denies the allegations set forth in paragraph u of the Counterclaims.

v. Denies the allegations set forth in paragraph v of the Counterclaims and states further that the allegations purport to set forth legal conclusions to which no response is required.

w. Denies the allegations set forth in paragraph w of the Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff denies that Defendants are entitled to any of the relief sought in the Counterclaims.

## GENERAL DENIAL

Plaintiff denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As and for separate Affirmative Defenses to the Counterclaim, and without conceding that Plaintiff bears the burden of proof or persuasion as to any of them, Plaintiff alleges as set forth below. Plaintiff reserves the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change her Answer upon completion of appropriate investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims, including Defendants' Breach of Contract, Tortious Interference With Contract and Tortious Interference With Prospective Economic Advantage, in whole or in part, fail to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, for lack of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by the principles of estoppel, waiver, release, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are estopped from maintaining their Counterclaims because their own conduct contributed to and, in fact, was the direct/proximate cause of any damages suffered.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' claims may be barred, in whole or in part, because of their failure to mitigate any alleged damages and/or injuries.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' Breach of Contract Counterclaim is further invalid as Defendants were already in breach of any alleged contract.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' repudiation of their own obligations under any alleged agreement prevents Defendants from maintaining a breach of contract claim against Plaintiff.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to assert such additional affirmative defenses and counterclaims that may appear and prove applicable during the course of this action.

WHEREFORE, having answered in full, Plaintiff respectfully requests that this Honorable Court dismiss Defendants' Counterclaims with prejudice, enter judgement in favor of Plaintiff, and award Plaintiff her reasonable costs and attorneys' fees

Dated: July 13, 2018
New York, New York

**THE BOYD LAW GROUP, PLLC**

*/s/ Patrick J. Boyd*
Patrick J. Boyd (PB-0921)
William K. Li (WL-3206)
370 Lexington Avenue, Suite 1012
New York, New York 10017
Tel: (212) 867-3675
Fax: (212) 867-5765
pboyd@theboydlawgroup.com
wli@theboydlawgroup.com
*Attorneys for Plaintiff*