**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
ELLEN MCCORMICK                                           :       **18-CV-00916(ENV)(SJB)**
                                                          :
        Plaintiff,                             :
                                                          :
    -against-                                        :
                                                          :
PHINIZY & PHEBE HANDMADE LLC (d/b/a    :
PHIN & PHEBES ICE CREAM), CRISTA       :
FREEMAN, AND JESS EDDY,                :
                                                          :
        Defendants.                            :
------------------------------------------------------------- X


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT**
**OF RENEWED MOTION FOR DEFAULT JUDGMENT AND DAMAGES**

 

**THE BOYD LAW GROUP, PLLC**
Patrick J. Boyd, Esq.
370 Lexington Avenue, Suite 1012
New York, New York 10017
Tel: (212) 867-3675
Fax: (212) 867-5765
pboyd@theboydlawgroup.com
*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………..….. ii-iv

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. BACKGROUND FACTS AND PROCEDURAL HISTORY ................................................ 1

III. STANDARD ON A MOTION FOR DEFAULT JUDGMENT........................................ 3

IV. LIABILITY UNDER THE FLSA AND NYLL ................................................................. 3

V. DAMAGES ................................................................................................................................ 6

    a. Actual Damages ................................................................................................................ 6

    b. FLSA Liquidated Damages ............................................................................................. 7

    c. NYLL Liquidated Damages ............................................................................................. 8

VI. Pre- and Post-Judgment Interest ........................................................................................ 9

    a. Pre-Judgment Interest ...................................................................................................... 9

    b. Post-Judgment Interest .................................................................................................. 11

VII. Attorneys' Fees and Costs ................................................................................................. 12

VIII. DEFENDANTS' FAILULRE TO FURNISH PLAINTIFF WITH PROPER WAGE NOTICES ................................................................................................................................ 13

IX. CONCLUSION ................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**CASES**

*Barfield v. New York City Health and Hospitals Corp.*
  537 F.3d 132 (2d Cir. 2008) ................................................................................................ 7

*Bosoro v. Am. Comprehensive Healthcare Med. Grp.*, P.C.
  No. 14-CV-1099 (ENV)(SMG), 2015 WL 5676679 (E.D.N.Y. Aug. 31, 2015) ................. 3, 13

*Brock v. Superior Care, Inc.*
  840 F.2d 1054 (2d Cir. 1988)............................................................................................ 10

*Callier v. Superior Bldg. Servs. Inc.*
  2010 WL 5625906 (E.D.N.Y. Dec. 22, 2010) ................................................................... 9

*Dejesus v. HF Mgmt. Servs., LLC*
  726 F.3d 85 (2d Cir. 2013)................................................................................................. 3

*Eschmann v. White Plains Crane Serv., Inc.*
  No. 11-CV-5881 (KAM) (VVP), 2014 WL 1224247 (E.D.N.Y. Mar. 24, 2014) ..................... 8

*Galeana v. Lemongrass on Broadway Corp.*
  120 F. Supp. 3d 306, 317 (S.D.N.Y. 2014) ....................................................................... 6

*Galicia v. 63-68 Diner Corp.*
  2015 WL 1469279 (E.D.N.Y. Mar. 30, 2015).................................................................. 10

*Greathouse v. JHS Sec. Inc.*
  784 F.3d 105 (2d Cir. 2015)............................................................................................... 4

*Gunawan v. Sake Sushi Restaurant*
  897 F.Supp.2d 76 (E.D.N.Y. 2012) ................................................................................. 10

*Gurung v. Malhotra*
  851 F. Supp. 2d 583 (S.D.N.Y. 2012) ........................................................................... 8, 9

*Hensley v. Eckerhart*
  461 U.S. 424 (1983)......................................................................................................... 12

*Herman v. RSR Sec. Servs.*
  172 F.3d 132 (2d Cir.1999).......................................................................................... 4, 7

*Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*
  2015 WL 128020 (E.D.N.Y. Jan. 8, 2015) .................................................................. 8, 11

*Herrera v. Tri-State Kitchen and Bath, Inc.*
  2015 WL 1529653 (E.D.N.Y. Mar. 12, 2015) ................................................................... 8

*In re Crazy Eddie Sec. Litig.*
  948 F. Supp. 1154 (E.D.N.Y.1996) .................................................................................. 3

*Jaime v. David & Son's Constr. Corp.*
  No. CV-171499ADSARL, 2018 WL 4863658 (E.D.N.Y. Aug. 30, 2018) ............................... 5

*Kasten v. Saint-Gobain Performance Plastics Corp.*
  563 U.S. 1 (2011) ............................................................................................................ 4

*Lanzetta v. Florio's Enters., Inc.*
  2011 WL 3209521 (S.D.N.Y. July 27, 2011) ................................................................... 9

*Lewis v. Whelan*
  99 F.3d 542 (2d Cir. 1996) ............................................................................................ 11

*Li Ping Fu v. Pop Art Intern. Inc.*
  2011 WL 4552436 (S.D.N.Y. Sept. 19, 2011) ................................................................. 9

*Mahoney v. Amekk Corp.*, No. 14-CIV-4131(ENV)(VMS)
  2016 WL 6585810 (E.D.N.Y. Sept. 30, 2016) ................................................................. 5

*Mejia v. E. Manor USA Inc.*
  No. 10-CV-4313 NG, 2013 WL 3023505 (E.D.N.Y. Apr. 19, 2013) ................................. 3

*Metropolitan Opera Ass'n. v. Local 100*
  No.  00-CIV-3613-LAP, 2005 WL 1712241 (S.D.N.Y., 2005) ....................................... 3

*Pineda v. Masonry Const., Inc.*
  831 F. Supp. 2d 666 (S.D.N.Y. 2011) ......................................................................... 7, 8

*Reich v. S. New England Telecomm. Corp.*
  121 F.3d 58 (2d Cir. 1997) .............................................................................................. 9

*Rosendo v. Everbrighten Inc.*
  2015 WL 1600057 (S.D.N.Y. Apr. 7, 2015) .................................................................. 10

*Rowe v. CC Rest. & Bakery, Inc.*
  No. 17CV01423CBAPK, 2019 WL 4395158 (E.D.N.Y. Aug. 15, 2019) ............................ 4

*Shariff v. Alsaydi*
  2013 WL 4432218 (E.D.N.Y. Aug 15, 2013) ................................................................. 12

*Solis v. Tally Young Cosmetics, LLC*
  2011 WL 1240341 (E.D.N.Y. Mar. 4, 2011) .................................................................. 7

*Tackie v. Keff Enterprises LLC*
  2014 WL 4626229 (S.D.N.Y. Sept. 16, 2014) ............................................................ 9, 10

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*
  489 U.S. 782 (1989) ..................................................................................................... 12

*Thomas v. iStar Fin., Inc.*
  652 F.3d 141 (2d Cir. 2011) ......................................................................................... 10

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*
  109 F.3d 105 (2d Cir. 1997) ........................................................................................... 3

*U.S. v. Tate & Lyle North American Sugars, Inc.*
  228 F. Supp. 2d 308 (S.D.N.Y. 2002) .......................................................................... 11

*Villegas v. Monica Rest. Corp.*
  2013 WL 4046261 (E.D.N.Y. Aug. 8, 2013) .................................................................. 6

*Yu G. Ke v. Saigon Grill, Inc.*
  595 F. Supp. 2d 240 (S.D.N.Y. 2008) ............................................................................ 9

## **STATUTES**

12 N.Y.C.R.R. § 143-1.3. ..................................................................................................... 5

28 U.S.C. § 1961 ............................................................................................................ 11, 12

29 U.S.C. § 203 .............................................................................................................. 3, 4

29 U.S.C. § 206 ..................................................................................................................... 4

29 U.S.C. § 215 ..................................................................................................................... 4

29 U.S.C. § 216 ............................................................................................................ 5, 7, 12

CPLR § 5001 ...................................................................................................................... 10

N.Y. Lab. L. § 190 ................................................................................................................ 4

N.Y. Lab. L. § 198 ........................................................................................................... 8, 10

N.Y. Lab. L. § 663 ................................................................................................................ 8

I. **PRELIMINARY STATEMENT**

Plaintiff Ellen McCormick ("Plaintiff") brings the underlying action against Defendants, Phinizy & Phebe Handmade LLC ("Phinizy & Phebe"), Crista Freeman ("Freeman"), and Jess Eddy ("Eddy"), for violations of the minimum wage and anti-retaliation provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), as well as Defendants' failure to provide wage statements pursuant to NYLL §195(3). *See* Complaint, ECF Docket Entry No. 1. (A copy of the Complaint is annexed as Exhibit A to the accompanying Declaration of Patrick J. Boyd ("Boyd Aff.").  Plaintiff submits this instant memorandum of law in support of her motion for default judgment against Defendant Phinizy & Phebe, as to liability on her claims under the FLSA and the NYLL.  Defendant Phinizy & Phebe has failed to appear or otherwise defend this action.  As a result, Plaintiff now moves for a default judgment against Defendant Phinizy & Phebe.

II. **BACKGROUND FACTS AND PROCEDURAL HISTORY**

Plaintiff was hired by Defendants as an unpaid intern in June 2012. Boyd Aff. Ex. A; ECF Docket Entry No. 1 at ¶ 18. She was not paid any wages from June 2012 until in or about April 2013. *Id.* at ¶ 19. Eventually, Plaintiff became an employee, working in the role of Business Development. *Id.* at ¶ 20. In this role, she initially earned $55,000 per year and was paid twice a month. *Id.* at ¶ 21. During her time at the Defendants' company, she worked with Defendant Freeman, the CEO, who had the authority to hire and fire and otherwise alter the terms and conditions of Plaintiff's employment. *Id.* at ¶ 10-12. In July 2017, Defendant Phinizy & Phebe granted Plaintiff Incentive Units in the company which equated to about .30 percent of Defendant company. *Id.* at ¶ 24-25. However, shortly before this, Defendant stopped paying

1

Plaintiff's wages and Freeman did not offer a valid explanation for the refusal to pay her wages. *Id.* at ¶ 27-29. Plaintiff continued to work without pay, but also regularly corresponded with Freeman in pursuit of her unpaid wages, but these efforts were also fruitless. *Id.* at ¶ 28, 30-31. As a result of multiple months without wages, Plaintiff informed Defendant that she would file a complaint with the Department of Labor on September 27, 2017. *Id.* at ¶ 33. The very next day, Plaintiff was terminated in retaliation for her complaints and indication that she would file with the Department of Labor. *Id.* at ¶ 34.

Plaintiff commenced this action against Defendants on February 12, 2018 with the filing of a Complaint. (Boyd Aff. Ex. A; Docket No. 1.) Defendants Freeman and Phinizy & Phebe were properly served on April 9, 2018 and April 26, 2018 respectively. (ECF Docket Entry Nos. 6, 9.) Defendant Eddy has yet to be served due to her absence from the country, although multiple attempts have been made to execute service upon her. (*See generally* ECF Docket Entry Nos. 5, 10, 26.) On June 15, 2018, Defendants Freeman and Phinizy & Phebe answered Plaintiff's complaint. (ECF Docket Entry No. 12.) On July 25, 2018, this Court imposed an automatic stay against Defendant Freeman in light of her filing bankruptcy and the Court granted Plaintiff the right to seek a certificate of default from the Clerk's office due to the non-appearance of the other defendants. (ECF Docket Entry No. 17.) On November 12, 2018, Plaintiff filed a request for Certificate of Default and on November 15, 2018, the Clerk of the Court entered a Certificate of Default against the Defendant Phinizy & Phebe. (ECF Docket Entry Nos. 21, 22.) On June 30, 2019, Plaintiff withdrew her initial motion for default judgment pursuant to status report on June 28, 2019. (ECF Docket Entry No. 31.) Now in compliance with applicable court rules for default judgment motions and consistent with Magistrate Judge Sanket J. Bulsara's June 18, 2019 order, *see* Docket No. 29, Plaintiff now brings the instant

renewed motion to request a default judgment against Phinizy & Phebe and seeks all available damages under the FLSA and NYLL.

### III. STANDARD ON A MOTION FOR DEFAULT JUDGMENT

In *Metropolitan Opera Ass'n. v. Local 100*, No. 00-CIV-3613-LAP, 2005 WL 1712241 (S.D.N.Y., 2005), the court set forth the standard for default judgment and stated in relevant part, "Upon entry of a default judgment, the well-pleaded allegations of a complaint are to be accepted as true, except those relating to the amount of damages." *Id.; see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997)." A default "effectively constitutes an admission that . . . the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Met. Opera*, 2004 U.S. Dist. LEXIS at *51 (quoting *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1160 (E.D.N.Y.1996)).

### IV. LIABILITY UNDER THE FLSA AND NYLL

After deeming all of the plaintiff's well-pleaded allegations in her complaint admitted as true as to liability, the court must then determine whether the facts constitute a legitimate cause of action. *See Bosoro v. Am. Comprehensive Healthcare Med. Grp.*, P.C., No. 14-CV-1099 (ENV)(SMG), 2015 WL 5676679, (E.D.N.Y. Aug. 31, 2015). In order to prevail on her claims, the plaintiff must show that she is an employee and the defendant is an employer within the meaning of the FLSA.

An "employee" under the FLSA is "any individual employed by an employer" and to "employ" means to "suffer or permit to work." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting 29 U.S.C. § 203(d), (e)(1), (g)). An "employer" under the FLSA means "any person acting directly or indirectly in the interest of an employer in relation to an employee," and a "person" means, among other definitions, persons and corporations. *Mejia v.*

3

*E. Manor USA Inc.*, No. 10-CV-4313 NG, 2013 WL 3023505, at *3 (E.D.N.Y. Apr. 19, 2013), *report and recommendation adopted*, No. 10-CV-4313, 2013 WL 2152176 (E.D.N.Y. May 17, 2013) (citing 29 U.S.C. § 203(a), (d)). The employer is also subject to the FLSA if it is engaged in commerce where it "has employees . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" or where its "annual gross volume of sales made or business done" exceeds $500,000. 29 U.S.C. § 206(b).

Individuals are also liable as employers under the FLSA. To determine whether an individual is an "employer," courts look to factors including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman v. RSR Sec. Servs.,* 172 F.3d 132, 139 (2d Cir.1999).

The FLSA additionally forbids "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has *filed any complaint* or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 109 (2d Cir. 2015) (citing 29 U.S.C. § 215(a)(3). Oral and written complaints are within the FLSA's protections. *Id.* (citing *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 3 (2011)).

A Plaintiff will prevail under the NYLL if she can show that her employment relationship with the defendants "applies to 'any person employed for hire by an employer in any employment.'" *Rowe v. CC Rest. & Bakery, Inc.*, No. 17CV01423CBAPK, 2019 WL 4395158, at *6 (E.D.N.Y. Aug. 15, 2019), *report and recommendation adopted*, No. 17-CV-1423(CBA)(PK), 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019) (citing N.Y. Lab. L. § 190). Under the NYLL, there are no sales or business requirements to subject employers to the law, otherwise,

the "NYLL's definition of 'employer' is 'nearly identical' to that of the FLSA and the analysis of the employment relationship under both statutes is based on the same factors. *Id.* (quoting *Mahoney v. Amekk Corp.*, No. 14-CIV-4131(ENV)(VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted,* No. 14-CV-4131 (ENV) (VMS), 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).

The FLSA and NYLL also provide that employers must provide their employees with a minimum wage. An employer who fails to meet minimum wage obligations under the FLSA and the NYLL "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional amount as liquidated damages." 29 U.S.C. § 216(b); *See* 12 N.Y.C.R.R. § 143-1.3. *Jaime v. David & Son's Constr. Corp.*, No. CV-171499ADSARL, 2018 WL 4863658, at *5 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, No. 217CV01499ADSARL, 2018 WL 4863594 (E.D.N.Y. Sept. 28, 2018).

Here, Plaintiff qualifies as an "employee" and Freeman and Phinizy & Phebe are "employers" for FLSA purposes. Plaintiff was employed within the meaning of the statute as she worked for Defendants for a period of years, first starting as an intern before earning a position as a full-time employee. The Defendants are employers within the statute as well because both Freeman and Phinizy & Phebe had the power to hire and fire Plaintiff, they supervised and controlled her actions, and determined the rate and method of payment, as they formally provided her with an annual salary. Defendant Freeman proved that she had this power by terminating Plaintiff's employment in September 2017. Additionally, Phinizy & Phebe as alleged is engaged in interstate commerce as it sells its products to stores nationwide and earns in

excess of $500,000 per year in interstate commerce. (Boyd Aff. Ex. A; ECF Docket ENtry No. 1 at ¶ 9-12.) Therefore, there is an employee-employer relationship under the FLSA.

Defendants are also liable under the FLSA and NYLL for non-payment of wages. By failing to pay Plaintiff for four months between May and September 2017, Defendants clearly failed to abide by both New York and Federal law. Moreover, this failure to do so was plainly intentional given that Plaintiff complained about this on multiple occasions to Defendant Freeman without a satisfactory result. Additionally, Defendants retaliated against Plaintiff by immediately terminating her employment after she orally indicated that she would raise her non-payment complaint with the Department of Labor. Since oral complaints are sufficient under the FLSA, the complaint and subsequent adverse action constitute retaliation.

## V.  DAMAGES

### a. Actual Damages

The FLSA permits "a plaintiff who demonstrates that [she] was improperly denied" the minimum wage to recover those wages unless the employer "demonstrates that it acted in good faith and had reasonable grounds for believing that it had not violated the FLSA." *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 317 (S.D.N.Y. 2014). The plaintiff is entitled to obtain actual damages for only such unpaid wages that accrued during the applicable statute of limitations period. *See, e.g.*, *Villegas v. Monica Rest. Corp.*, 2013 WL 4046261, at *3 (E.D.N.Y. Aug. 8, 2013).

Here, Plaintiff worked for Defendant from 2012 to 2017. From the period of May 26, 2017 to September 28, 2019, Defendant paid plaintiff no wages at all. Plaintiff was a salaried employee and before the latter period received $55,000 per year. Accordingly, Plaintiff calculates her damages as $19,038.42 for the period of May 26, 2017 to September 28, 2017 and

6

therefore respectfully requests a total of $19,038.42 in actual damages for Defendants' violations of the FLSA and NYLL.

### b. FLSA Liquidated Damages

Under the FLSA, a plaintiff is entitled to liquidated damages in the amount of one hundred (100%) percent of the actual damages owed. *See* 29 U.S.C. §216(b). Under this provision, "a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). While an employer may avoid its obligation to pay liquidated damages by demonstrating that, despite its failure to pay proper overtime, it acted in subjective "good faith" with objectively "reasonable grounds" that its actions were not in violation of the FLSA, the Second Circuit has characterized this burden as "a difficult one" to meet. *Id.* (citing Herman, 172 F.3d at 132). Indeed, to avoid paying liquidated damages under the FLSA, an employer must demonstrate that it "took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id*. (internal quotation marks omitted). With the bar set so high, the Second Circuit has confirmed that "double damages [are] the norm and single damages the exception." *Id*.

By virtue of its default, Defendant has obviously not provided evidence to meet its burden of demonstrating good faith compliance with the law. *See, e.g.*, *Solis v. Tally Young Cosmetics, LLC*, 2011 WL 1240341, at *14 n.15 (E.D.N.Y. Mar. 4, 2011) ("Where, as here, a defendant employer has defaulted, the court plainly cannot find that it has made the showing of good faith necessary to defeat an award of liquidated damages."). Therefore, Plaintiff is entitled to recover liquidated damages on her unpaid wages under the FLSA, as her entire employment duration occurred within three years of filing of the complaint. *See, e.g.*, *Pineda v. Masonry*

*Const., Inc.*, 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011). As such, the general rule of double damages for FLSA claims applies here, and Plaintiff should be entitled to liquidated damages on her actual damages for the defendants' non-payment of her wages between May 26, 2017 and September 28, 2017. Accordingly, Plaintiff seeks one hundred (100%) percent FLSA liquidated damages in the amount of $19,038.42.

    **c. NYLL Liquidated Damages**

Under the NYLL, a plaintiff is entitled to recover liquidated damages in the amount of one hundred (100%) percent of her actual damages, N.Y. Lab. L. §§ 198(1-a), 663(1), which an employer must pay "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law. §§198, 663. *Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881 KAM VVP, 2014 WL 1224247, at *9 (E.D.N.Y. Mar. 24, 2014) ("Effective November 24, 2009, NYLL § 198(1–a) was amended to provide for a liquidated damages award "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.") (citing N.Y. Lab. L. § 198(1–a).

For an employer's violations of the NYLL, a plaintiff is entitled to recover the applicable liquidated damages for any actual damages that he or she incurred during the NYLL's six-year statute of limitations period. *See, e.g., Pineda*, 831 F. Supp. 2d at 682. Furthermore, "[t]he majority view [within the Second Circuit] is that plaintiffs may recover liquidated damages under both statutes because each award serves fundamentally different purposes." *Herrera v. Tri-State Kitchen and Bath, Inc.*, 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 12, 2015), *adopted,* 2015 WL 1529653 (E.D.N.Y. Mar. 31, 2015); *see also Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, 2015 WL 128020, at *6 (E.D.N.Y. Jan. 8, 2015); *Gurung v. Malhotra*, 851 F.

Supp. 2d 583, 593-94 (S.D.N.Y. 2012); *Li Ping Fu v. Pop Art Intern. Inc.*, 2011 WL 4552436, at *4 (S.D.N.Y. Sept. 19, 2011); *Lanzetta v. Florio's Enters., Inc.*, 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011); *Callier v. Superior Bldg. Servs. Inc.*, 2010 WL 5625906, at *4 (E.D.N.Y. Dec. 22, 2010); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008). These courts recognize the differing goals of these liquidated damages provisions, namely, that the FLSA's liquidated damages are meant to be compensatory while the NYLL's liquidated damages are meant to be punitive. *See, e.g.*, *Gurung*, 851 F. Supp. 2d at 593-94; *accord Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 70-71 (2d Cir. 1997) ("[l]iquidated damages under the FLSA are considered compensatory rather than punitive in nature").

As established above, Plaintiff is entitled to liquidated damages under the NYLL as she has established that Defendant willfully failed to pay plaintiff any wages and that Defendant has failed to prove that it acted in good faith when it refused to pay Plaintiff her required wages. Plaintiff seeks liquidated damages under the NYLL for the period of her employment between May 26, 2017 and September 28, 2017, which is all well within the six-year period encompassed by the NYLL. Accordingly, Plaintiff seeks one hundred (100%) percent NYLL damages in the amount of $19,038.42.

## VI. Pre- and Post-Judgment Interest

### a. Pre-Judgment Interest

"[C]ourts in the Second Circuit have found that 'plaintiffs are entitled to prejudgment interest on any compensatory damages awarded under the NYLL for which there is no corresponding award of liquidated damages under [the] FLSA.'" *Ni*, 2016 WL 369681, at *3 (quoting *Tackie v. Keff Enterprises LLC*, 2014 WL 4626229, at *5 (S.D.N.Y. Sept. 16, 2014)).

9

However, federal courts have made clear that "prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA." *Galicia v. 63-68 Diner Corp.*, 2015 WL 1469279, at *7 (E.D.N.Y. Mar. 30, 2015) (noting that the purpose of awarding liquidated damages under the FLSA is to compensate employees for delays in payment, making such damages "the functional equivalent of prejudgment interest"). As such, it is well established that plaintiffs can recover pre-judgment interest only on claims for which federal liquidated damages have not been awarded. *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 n.7 (2d Cir. 2011); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988); *Tackie*, 2014 WL 4626229, at *5.

Section 5001 of the New York Civil Practice Law and Rules ("CPLR") allows plaintiffs to recover "prejudgment interest on their state law damages at the rate of nine percent per annum." *Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *6 (S.D.N.Y. Apr. 7, 2015) (citing CPLR § 5001). Under the CPLR, where a plaintiff's "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR § 5001(b). In cases for unpaid wages brought pursuant to the FLSA and the NYLL, courts generally use the "single reasonable intermediate date" method to calculate prejudgment interest. *See, e.g., Tackie*, 2014 WL 4626229, at *6; *Gunawan v. Sake Sushi Restaurant*, 897 F.Supp.2d 76, 93 (E.D.N.Y. 2012).

Here, because Plaintiff does not have claims that extend beyond the FLSA's three-year statute of limitations period, to the extent that the Court awards Plaintiff liquidated damages under both the FLSA and the NYLL, Plaintiff does not seek pre-judgment interest. Alternatively, to the extent that the Court awards liquidated damages under only one statute, Plaintiff requests that the Court award her liquidated damages under the NYLL only and not under the FLSA. In that case, Plaintiff is entitled to prejudgment interest.

10

Plaintiff began working for Defendant in June 2012 and concluded her employment in September 2017. Accordingly, the intermediate date is approximately January 28, 2015. As explained above, Plaintiff's actual damages herein are $19,038.42. Thus, Plaintiff's per diem pre-judgment interest rate ((.09/365) x $19,038.42)) calculates out to $4.69 per day. *See Janus*, 2012 WL 3878113, at *10 (using this calculation to arrive at a per diem interest rate to ascertain the plaintiff's proper pre-judgment interest up to the date of judgment). Accordingly, Plaintiff respectfully requests pre-judgment interest on her NYLL claims, calculated at a rate of $4.69 per day from her mid-point date (January 29, 2015), up until the date of the entry of judgment.

### b. Post-Judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (citing 28 U.S.C. § 1961(a)); *see also Hernandez*, 2015 WL 1966355, at *55 ("Plaintiffs are entitled to post-judgment interest on all money awards as a matter of right.") (citation omitted). Post-judgment interest is calculated by the Clerk of the Court pursuant to the provisions of 28 U.S.C. § 1961, and is available on the full judgment amount "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). Post-judgment interest is computed daily and compounded annually to the date of payment. 28 U.S.C. § 1961(b). The purpose of awarding post-judgment interest is to compensate a plaintiff for the delay suffered from the time judgment is entered until the time that the defendants ultimately pay the judgment. *See, e.g.*, *U.S. v. Tate & Lyle North American Sugars, Inc.*, 228 F. Supp. 2d 308, 326 (S.D.N.Y. 2002). Thus, Plaintiff is entitled to

11

post-judgment interest on all monies awarded by the Court in this action in accordance with the provisions of 28 U.S.C. § 1961.

## VII. Attorneys' Fees and Costs

Both the FLSA and the NYLL are fee-shifting statutes that entitle the prevailing party to recover its reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b) ("The Court in such action *shall* . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); NYLL § 198(1-a) ("In any action . . . in which the employee prevails, the court *shall* allow such employee reasonable attorney's fees . . .") (emphasis added).

Plaintiff is the prevailing party "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Likewise, to qualify as a prevailing party, a plaintiff must demonstrate a change in the legal relationship between him/herself and the defendant arising from the resolution of the lawsuit. *Shariff v. Alsaydi*, 2013 WL 4432218, at *4 (E.D.N.Y. Aug 15, 2013) ("Having obtained a default judgment against defendants, plaintiff is a prevailing party eligible to recover attorney's fees and costs."); *see also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

Here, Plaintiff, upon entry of default, is clearly the prevailing party, having thus altered the legal relationship between herself and Defendant, a conclusion which will be strengthened by any monetary award that the Court grants Plaintiff pursuant to the instant motion. Accordingly, Plaintiff is entitled to recover her reasonable attorneys' fees and costs incurred in connection with this lawsuit.

## VIII. DEFENDANTS' FAILULRE TO FURNISH PLAINTIFF WITH PROPER WAGE NOTICES

Plaintiff alleges in her complaint that at no point during her employment did Defendants provide her with a wage notice as required by NYLL § 195(1). Under NYLL § 198(1-b), Defendant is liable for a penalty of $50 per workday up to a maximum of 100 workdays ($5,000) that the notice is not provided. Because Plaintiff worked for more than 100 days without the Defendant providing her the notice, Plaintiff is entitled to the maximum $5,000 penalty. Courts have awarded penalties to plaintiffs on motions for default judgment because of employer failure to comply with the NYLL § 195. *See Bosoro*, 2015 WL 5676679 (E.D.N.Y. Aug. 31, 2015).

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order of Default against Defendant Phinizy & Phebe awarding:

   a. A declaratory judgment that the practices complained of are unlawful under the FLSA and NYLL;

   b. An injunction against Defendants Phinizy & Phebe and Freeman and their officers, agents, successors, employees, representatives and any all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

   c. An award of Plaintiff's earned wages pursuant to the FLSA in the amount of $19,038.42;

   d. An award of Plaintiff's unpaid wages pursuant to NYLL in the amount of $19,038.42;

   e. An award of liquidated damages pursuant to the FLSA of $19,038.42;

   f. An award of liquidated damages pursuant to the FLSA of $19,038.42;

13

g. An award of the maximum $5,000 for Defendant Company's failure to provide Plaintiff with a wage notice pursuant to NYLL;

h. An award of Plaintiff's lost wages pursuant to Defendant's retaliatory termination pursuant to the FLSA;

i. An award of civil penalty of $10,000 to Plaintiff for Defendant's retaliatory act pursuant to NYLL §215;

j. An award of pre-judgment and post-judgment interest thereon;

k. An award of costs and expenses for this action together with plaintiff's reasonable attorneys' and expert fees; and

l. Such other relief as this Court deems just and proper.

Dated: New York, New York
November 1, 2019

**THE BOYD LAW GROUP, PLLC**

By: /s/ *Patrick J. Boyd*
Patrick J. Boyd (PB0921)
Stephen M. Bourtin (SB6458)
370 Lexington Avenue, Suite 1012
New York, New York 10017
Phone: (212) 867-3675
pboyd@theboydlawgroup.com
sbourtin@theboydlawgroup.com
*Attorneys for Complainant*