

370 Lexington Avenue
Suite 1012
New York, NY 10017-6504
(212) 867-3675 (office)
(212) 867-5068 (direct dial)
(212) 867-5765 (facsimile)

Patrick J. Boyd, Esq. | *Partner*
68 Southfield Avenue, Suite 100
Two Stamford Landing
Stamford, CT 06902-7223
(203) 921-0322 (office)
(203) 975-1110 (facsimile)
pboyd@theboydlawgroup.com

May 27, 2020

**VIA ECF**
The Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Chambers 304 North, Courtroom 324N
Brooklyn, New York 11201

> Re: **Ellen McCormick v. Phinizy & Phebe Handmade LLC, et al.**
> **Case No. 18-cv-00916 (ENV)(SJB)**

Dear Judge Bulsara,

We represent the Plaintiff Ellen McCormick ("Plaintiff" or "Ms. McCormick") in the above-referenced matter and write in response to Defendant Crista Freeman's ("Ms. Freeman" or "Defendant") May 7, 2020 letter-motion (ECF Docket No. 43) and pursuant to Your Honor's May 13, 2020 Order. In particular, in accordance with Local Civil Rule 7(d), we maintain that Ms. Freeman should remain a party to this action notwithstanding her discharge in bankruptcy because her conduct toward Plaintiff was "willful and malicious." Moreover, Plaintiff has not violated any order of this Court and there is no basis whatsoever to justify any finding or imposition of contempt against Plaintiff based upon the thin record set forth by Ms. Freeman's counsel.

## I. Factual Background

Plaintiff initiated this action on or about February 12, 2018 with the filing of a civil Complaint against Defendants Crista Freeman, Jess Eddy, and Phinizy & Phebe Handmade LLC alleging, among other things, that the Defendants willfully failed to pay Plaintiff her wages and terminated her shortly after she notified Defendants, particularly Ms. Freeman, that she would report them to the Department of Labor for such failure. (ECF Docket No. 1).

On or about July 23, 2018, Defendant Freeman filed a petition seeking a discharge in bankruptcy and this Court imposed an automatic stay of this action against her on July 25, 2018. Plaintiff at all times complied with the Court's automatic stay Order. Then, on or about October 24, 2018, Ms. Freeman apparently received a discharge under Chapter 7 of the Bankruptcy Code. On April 5, 2019, the Court directed that Ms. McCormick should indicate "whether Defendant Crista Freeman's bankruptcy proceeding, which has now been completed, resulted in a discharge


of the claims that are the subject of this lawsuit." On May 20, 2019, Plaintiff responded, setting forth that 11 U.S.C. § 523(a)(6) prohibits an individual debtor from discharging any debts for "willful and malicious injury." (ECF Docket No. 28). On June 20, 2019, Ms. Freeman, proceeding *pro se* objected argued, *inter alia*, that the conduct she engaged in was not "willful and malicious." (ECF Docket No. 30). Ms. Freeman did not raise in that letter, nor at any time subsequently, the prospect that Ms. McCormick was barred from continuing her action as against her. *Id.* Since that point, neither the Court nor Ms. Freeman have addressed the import of the bankruptcy discharge on Ms. Freeman's status in this action.

Moreover, the issue of Ms. Freeman's bankruptcy and status in this action went unaddressed for almost a year until taken up for the first time through a series of agitated correspondence from Ms. Freeman's apparent new counsel, W. Dan Boone ("Ms. Freeman's counsel") starting on or about April 7, 2020. Over a series of letters (*See* Exhibits A-C to Ms. Freeman's Letter to the Court dated May 7, 2020, ECF Docket No. 43), Ms. Freeman's counsel demanded that Ms. McCormick immediately dismiss her action against Ms. Freeman as a result of her discharge in bankruptcy. Ms. Freeman's counsel, moreover, accused Plaintiff of violating the bankruptcy order with respect to Ms. Freeman's discharge for failing to do so, notwithstanding the fact that such demand had never previously been raised. Plaintiff responded to Ms. Freeman's counsel explaining primarily that it is Ms. McCormick's position that Ms. Freeman should remain in the action because she engaged in willful and malicious conduct when she withheld thousands of dollars in wages from our client and retaliated against her for threatening to report the wrongful conduct to the Department of Labor. Moreover, Plaintiff set forth that she would comply with any Order or directive of this Court with respect to Ms. Freeman's status in this action but given the aforementioned contested issues would not simply do so based only upon the representations and demands of Ms. Freeman's counsel.

## II. Ms. Freeman's Bankruptcy did not Discharge Ms. McCormick's Action Because Ms. Freeman Engaged in Willful and Malicious Conduct

When Ms. Freeman deliberately refused to pay Plaintiff's wages and retaliated against her for expressing her intent to report her conduct to the Department of Labor, she engaged in willful and malicious conduct that prohibits her from receiving a discharge. The bankruptcy code provides that an individual debtor cannot be discharged of any debts "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). "A plaintiff seeking nondischargeability of a debt under § 523(a)(6) bears the burden of establishing the requisite elements by a preponderance of the evidence." *Orr v. Marcella (In re Marcella)*, 463 B.R. 212, 219 (Bankr. D. Conn. 2011). Failure to pay wages, among other violations, can be considered willful and malicious acts within this Circuit. *See Cocoletzi v. Orly (In re Orly)*, 2016 Bankr. LEXIS 2936, at *13-26 (Bankr. S.D.N.Y. Aug. 10, 2016).



A debtor's act is willful when she intends to inflict the injury or knew that the injury was substantially certain to result. *See Citik Ka Wah Bank Ltd. v. Wong (In re Wong)*, 291 B.R. 266, 280 (Bankr. S.D.N.Y. 2003). Willful conduct is conduct that, in the employment context, goes beyond a breach of an employment contract in that "a breach of [an employment] contract unaccompanied by tortious conduct . . . does not give rise to a Section 523(a)(6) nondischargeability claim." *Orr v. Marcella (In re Marcella)*, 463 B.R. 212, 219 (Bankr. D. Conn. 2011). "[I]n applying the standard, courts properly should look to tort law to distinguish the 'willful and malicious' from the merely 'reckless' act." *Wright v. Bujnowski (In re Wright)*, 209 B.R. 276, 280 (E.D.N.Y. 1997). *See also Rescuecom Corp. v. Khafaga (In re Khafaga)*, 419 B.R. 539, 549 (Bankr. E.D.N.Y. 2009).

For an act to be "malicious," the debtor must have acted "without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Navistar Fin. Corp. v. Stelluti (In re Stelluti),* 94 F.3d 84, 87 (2d Cir. 1996); *Weiss v. Alicea (In re Alicea),* 230 B.R. 492, 508 (Bankr. S.D.N.Y. 1999). Malice may be constructive or implied from the acts and conduct of the debtor in the context of the surrounding circumstances. *Citik Ka Wah Bank Ltd.*, *supra*, 291 B.R. at 281. Thus, it must be established that the debtor intended the consequences of his act to cause harm to the creditor, not simply the act itself. *Orr*, *supra*, *463* B.R. at 222.

Based on the facts alleged in the Complaint, Ms. Freeman has engaged in willful and malicious conduct toward Ms. McCormick by willfully withholding her accrued wage and terminating her in retaliation for exercising her rights with regard to same under the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). Ms. Freeman's acts were clearly willful given that she knowingly refused to pay Plaintiff for several months and, after learning that Ms. McCormick intended to report her misconduct to the Department of Labor, immediately terminated her. This knowing refusal to pay wages and retaliatory termination clearly evidences an intentional, as opposed to a negligent action. The act was additionally malicious in that Ms. Freeman clearly intended to harm Ms. McCormick through these actions by depriving her of wages she rightfully earned and terminating her employment in retaliatory fashion. Accordingly, Ms. Freeman cannot be discharged of the debt she owes Ms. McCormick at this stage.

## III.     There is No Basis to Hold Plaintiff in Contempt for Maintaining the Current Action Because She Has Complied With This Court's Orders

Ms. McCormick should not be found to be in contempt because she has diligently complied with all orders before the Court. "A contempt order is a 'potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the [party's] conduct.'" *Nike, Inc. v. Wu*, 2020 U.S. Dist. LEXIS 9102, at *49 (S.D.N.Y. Jan. 17, 2020) (quoting *King v. Allied Vision*, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). In order to demonstrate conduct which could support a finding of contempt, the moving party must establish that "(1) the order the



contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Nike, Inc.*, *supra*, 2020 U.S. Dist. LEXIS 9102, at *49-50. An order is "clear and unambiguous when it 'leaves no uncertainty in the minds of those to whom it is addressed' and instead allows them 'to ascertain from the four corners of the order precisely what acts are forbidden.'" *Medina v. Buther*, No. 15-cv-1955 (LAP), 2019 U.S. Dist. LEXIS 23529, at *86 (S.D.N.Y. Feb. 13, 2019) (quoting *King*, 65 F.3d at 1058).

Moreover, even if the Court were to determine otherwise with regard to the discharge order, "a party should not be sanctioned for contempt where he has made a genuine, good faith effort to comply with a court order and failed to do so through no fault of his own." *Balaber-Strauss v. Markowitz (In re Frankel)*, 192 B.R. 623, 627 (Bankr. S.D.N.Y. 1996). "Specifically, the Second Circuit has instructed district courts to weigh '(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him.'" *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 296 (S.D.N.Y. 2000) (*quoting Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987)). While the bankruptcy court did issue the discharge order for Ms. Freeman, this Court has not yet addressed its effect herein and Plaintiff has made good faith efforts to comply by addressing the bankruptcy issue in prior status reports and by inviting Ms. Freeman's counsel to raise the issue at the upcoming status conference. There can, moreover, be no finding of contumacy by Plaintiff for simply not acceding to Ms. Freeman's counsel's demands in the absence of further guidance or direction from this Court.

As set forth above, there is sufficient legal basis for the continuance of this action against Ms. Freeman given the willful and malicious conduct towards Plaintiff, which is subject to discovery herein. While Defendant Freeman maintains that the discharge order is clear and unambiguous, sufficient uncertainty exists regarding Plaintiff's continuance of this action against Ms. Freeman because "the district courts shall have original and exclusive jurisdiction of all cases under title 11", 28 U.S.C. § 1334(a), and this Court has not issued any Order or directive with respect to the discharge order and whether it requires Plaintiff to abandon her claims against Ms. Freeman herein. The undersigned counsel are not engaged in the practice of bankruptcy law, and are mindful of our client's rights in not simply abandoning her claims based only upon the sudden representations and demands of Ms. Freeman's counsel in the absence of any such directive from this Court.

Moreover, this issue was left unaddressed for almost a year's time until the incipiency of Ms. Freeman's counsel's barrage of correspondence demanding that Plaintiff immediately dismiss her claims and threatening contempt for any failure to do so. There can be no demonstration of prejudice to Ms. Freeman by Plaintiff's maintenance of her present claims given that no further



THE
BOYD
LAW
GROUP,
PLLC

May 27, 2020
Page | 5

prosecution of this action has occurred, but for the parties dutifully awaiting this Court's scheduled status conference, since the time of Plaintiff's first receipt of Ms. Freeman's letter demands. In response to such demands, Plaintiff simply notified Ms. Freeman's counsel of her aforestated position and informed him that such issues could be raised and addressed at the Court's scheduled status conference. Any prejudice to Ms. Freeman results more from the conduct of her own counsel by engaging in cumulative and duplicative correspondence than from any action of Plaintiff. At no time whatsoever has Plaintiff failed to abide by any of this Court's Orders and, to the contrary, has at all times emphasized her willingness and desire to do so, which has most recently been repeatedly expressed to Ms. Freeman's counsel.

Accordingly, Plaintiff respectfully submits that Ms. Freeman's discharge in bankruptcy does not require the dismissal of Plaintiff's claims against her herein, and, that in any event, Plaintiff should be entitled to discovery as to Ms. Freeman's willful and malicious conduct prior to the rendering of any determination on the merits on that issue. Moreover, there is no basis for Plaintiff to be held in contempt simply for not immediately complying with the unilateral demands of Ms. Freeman's counsel, raised only for the first time shortly before a scheduled conference before this Court was to be held, whereby such matters could be more appropriately addressed. We thank the Court for its continued time and attention to this matter.

Respectfully Submitted,

**THE BOYD LAW GROUP, PLLC**

/s/ *Patrick J. Boyd*
Patrick J. Boyd
*Attorneys for Plaintiff*

Cc:     W. Dan Boone, Esq. (*via* ECF)
        30 Lincoln Plaza, Suite 23U
        New York, New York 10023